UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY ABNEY and CYNTHIA ABNEY**                                 **PLAINTIFFS**

V.                           CIVIL ACTION NO.1:07CV0711 LTS-JMR

**STATE FARM FIRE AND CASUALTY COMPANY,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**ET AL.**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [15] to dismiss the plaintiffs' claims against Defendant State Farm Mutual Automobile Insurance Company (Mutual). For the reasons stated below, this motion will be granted.

Plaintiffs are insured under a homeowners policy issued by Defendant State Farm Fire and Casualty Company (State Farm). This policy was in effect at the time of Hurricane Katrina, and the plaintiffs are seeking recovery of insurance benefits for property damage sustained during that storm. Plaintiffs have also alleged causes of action for bad faith claims adjusting practices.

Plaintiffs have named Mutual as a defendant, but the complaint does not make any specific allegations of actionable misconduct by Mutual. Plaintiffs have framed the allegations of their complaint to treat State Farm and Mutual "collectively," alleging that these two defendants acted as a single entity in connection with the plaintiffs' claims. Plaintiffs have no contractual relationship with Mutual, and the complaint does not allege any specific misconduct unique to Mutual.

Plaintiffs assert that Mutual is a proper party defendant in this action because State Farm is a wholly-owned subsidiary of Mutual and because, through a contractual arrangement, Mutual performs certain business services for State Farm. The documents the plaintiffs have submitted in camera, in support of their theory that Mutual is a proper party, indicate to me that State Farm and Mutual have respected the corporate form in conducting their business, and I see no indication that Mutual has disregarded the formalities necessary to accomplish this lawful purpose. Likewise, there is nothing in these documents to suggest that the contractual arrangement between State Farm and Mutual was used to accomplish an unlawful objective. If State Farm and Mutual have indeed observed the proper formalities in their corporate relationship, Mutual, as the sole shareholder of State Farm, is not liable for the conduct of State Farm, and Mutual is not obliged to perform State Farm's contractual obligations.

The question whether the use of corporate forms will be respected is a matter of state law. *United States v. Bestfoods*, 524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). Under Mississippi law, in a contract case such as this, the general rule is that the corporate form will not be disregarded unless the party seeking to pierce the corporate veil can show: 1) some frustration of expectations regarding the party to whom he looked for performance; 2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and 3) a showing of fraud or other equivalent malfeasance on the part of the corporate shareholder. *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044 (Miss.1989). The rule of Mississippi law is the same in tort claims: corporate forms are respected unless the form itself is used in an abusive way or to accomplish an unlawful or fraudulent purpose. *Penn National Gaming, Inc. v. Ratliff*, 954 So.2d 427 (Miss.2007).

In the absence of any substantive allegations of misconduct by Mutual, and in the absence of any allegations which would support the contention that the Court should disregard the corporate form of business under Mississippi law, the plaintiffs have not stated a cause of action against Mutual. I can find no authority that would allow a plaintiff to allege misconduct by two defendants merely by the expedient of treating them "collectively" in framing his pleadings. State Farm (and not Mutual) has a contractual relationship with the plaintiffs; State Farm (and not Mutual) owes contractual obligations to the plaintiffs; and State Farm (and not Mutual) has the legal responsibility to fairly evaluate the plaintiffs' claims in good faith and respond appropriately.

Accordingly, I find that under the standards of F.R.Civ.P. 12, Mutual should be dismissed from this action. This dismissal will be without prejudice to the right of the plaintiffs to seek leave of court to amend their complaint to state a valid cause of action against Mutual if there are facts sufficient to support a theory of recovery against Mutual. Any such acts on the part of Mutual must be alleged with particularity, and it will not be acceptable to treat State Farm and Mutual "collectively" in any future pleadings.

An appropriate order will be entered.

**DECIDED** this 17th day of June, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE